**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**

www.flsb.uscourts.gov

## CHAPTER 13 PLAN (Individual Adjustment of Debts)

☐ _____ Original Plan

☐ _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

■ 8th MMM _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: William B. Langel     JOINT DEBTOR: Jamie C. Langel     CASE NO.: 21-11213-MAM

SS#: xxx-xx- 0543     SS#: xxx-xx-9885

## I.   NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:** The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ■ Included | ☐ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ■ Included | ☐ Not included |
| Nonstandard provisions, set out in Section IX | ■ Included | ☐ Not included |

## II.   PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A.   MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $1,213.56 _____ for months 1 to 39 ;

2. $2,500.00 _____ for months 40 to 40 ;

3. $1,914.62 _____ for months 41 to 55 ;

4. $2,025.84 _____ for months 56 to 60 ;

**B.   DEBTOR(S)' ATTORNEY'S FEE:**   ☐ NONE   ☐ PRO BONO

| Total Fees: | $14,850.00 | Total Paid: | $2,908.00 | Balance Due: | $11,942.00 |
|---|---|---|---|---|---|

| | | |
|---|---|---|
| Payable | $181.98 | /month (Months 1 to 39 ) |
| Payable | $272.73 | /month (Months 40 to 40 ) |
| Payable | $323.00 | /month (Months 41 to 55 ) |

Allowed fees under LR 2016-I(B)(2) are itemized below:

$4,650 + $5,200 MMM(2) + $1,050 MTVs + $525 Avoid Lien + $525 Mot Sell + $525 Mot Vacate/Amend Order + $1,850 Mods + $525 Mot Compel

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III.   TREATMENT OF SECURED CLAIMS   ☐ NONE

**A.   SECURED CLAIMS:**   ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1. Creditor: US Bank, NA/Rushmore Loan Management

Address: P.O. Box 6335, Fargo,     Arrearage/ Payoff on Petition Date _____

Debtor(s): William B. Langel, Jamie C. Langel    Case number: 21-11213-MAM

| ND 58125 | MMM TPP Temporary Payment | $959.34 | /month (Months 1 to 39 ) |
|---|---|---|---|
| | MMM PPP Permanent Payment | $2,000.00 | /month (Months 40 to 40 ) |
| Last 4 Digits of Account No.: 0639 | MMM PPP Permanent Payment | $1,417.57 | /month (Months 41 to 60 ) |

Other: _____

■ Real Property

　■ Principal Residence

　☐ Other Real Property

Address of Collateral:
1881 SE Camden St Port Saint Lucie, FL 34952

☐ Personal Property/Vehicle

Description of Collateral:

Check one below for Real Property:

■ Escrow is included in the regular payments

☐ The debtor(s) will pay　☐ taxes　☐ insurance directly

## B. VALUATION OF COLLATERAL: ☐ NONE

IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED UPON YOU PURSUANT TO BR 7004 AND LR 3015-3.

### 1. REAL PROPERTY: ■ NONE

### 2. VEHICLES(S): ☐ NONE

| 1. Creditor: Wells Fargo Bank, NA and/ or Wells Fargo Dealer Services | Value of Collateral: $550.00 | **Payment** |
|---|---|---|
| Address: 1100 Corporate Center Drive, Raleigh, NC 27607 | Amount of Creditor's Lien: $1,879.00 | Total paid in plan: $55.23 |
| Last 4 Digits of Account No.: 7731 | Interest Rate: 5.00% | $1.42 /month (Months 1 to 39 ) |
| VIN: 1FMPU17565LA50283 | | |
| Description of Collateral: 2005 Ford Expedition **per motion to deviate-claim withdrawn | | |
| Check one below: ■ Claim incurred 910 days or more pre-petition ☐ Claim incurred less than 910 days pre-petition | | |

Debtor(s): William B. Langel, Jamie C. Langel    Case number: 21-11213-MAM

| 2.  Creditor: Westlake Financial Services c/o Peritus Portfolio Services <br><br>Address: 4751 Wilshire Blvd, Suite 100, Los Angeles, CA 90010 <br><br>Last 4 Digits of Account No.: 1543 <br><br>VIN: 1GKLRMEDXAJ113086 <br><br>Description of Collateral: 2010 GMC Acadia SLT surrendered in month 9 <br><br>Check one below: <br>■ Claim incurred 910 days or more pre-petition <br>☐ Claim incurred less than 910 days pre-petition | Value of Collateral:    $3,500.00 <br><br>Amount of Creditor's Lien:    $9,846.22 <br><br>Interest Rate:    5.00% | **Payment** <br><br>Total paid in plan:    $492.05 <br><br><br>$12.62    /month (Months   1   to   39  ) |
|---|---|---|

### 3.  PERSONAL PROPERTY: ■ NONE

### C.  LIEN AVOIDANCE  ☐ NONE

Judicial liens or nonpossessory, nonpurchase money security interests securing the claims will be avoided to the extent that they impair the exemptions under 11 U.S.C. § 522 as listed below. A separate motion will also be served pursuant to BR 7004 and LR 3015-3.

| 1.  Creditor: Portfolio Recovery Associates, LLC <br><br>Address: 120 Corporate Blvd., Norfolk, VA 23502 <br><br>Last 4 Digits of Account No.:    unk | Collateral:    1881 SE Camden St Port Saint Lucie, FL 34952 <br><br>Exemption:  homestead |
|---|---|

### D.  SURRENDER OF COLLATERAL:    ☐ NONE

Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

■ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors.

☐ Other: _____

| Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|
| 1. Westlake Financial Services c/o Peritus Portfolio Services | 1543 | |

### E.  DIRECT PAYMENTS    ■ NONE

**IV.    TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]    ■ NONE

**V.    TREATMENT OF UNSECURED NONPRIORITY CREDITORS**    ☐ NONE

A.  Pay    $424.10    /month (Months  56   to  60  )

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

B.  ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

C.  SEPARATELY CLASSIFIED:    ■ NONE

**VI.    STUDENT LOAN PROGRAM    ■ NONE**

**VII.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES    ■ NONE**

**VIII.    INCOME TAX RETURNS AND REFUNDS:**

Debtor(s): William B. Langel, Jamie C. Langel      Case number: 21-11213-MAM

☑ Debtor(s) shall provide copies of yearly income tax returns to the Trustee (but not file with the Court) no later than May 15th during the pendency of the Chapter 13 case. In the event the debtor(s)' disposable income or tax refunds increase, debtor(s) shall increase payments to unsecured creditors over and above payments provided through the Plan up to 100% of allowed unsecured claims. [Broward/Palm Beach cases]

## IX.    **NON-STANDARD PLAN PROVISIONS** ☐ NONE

☐ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

☑ Mortgage Modification Mediation

1  The debtor has filed a Verified Motion for Referral to MMM with:

US Bank, NA/Rushmore Loan Management                                                  ("Lender")

loan number 0639

for real property located at 1881 SE Camden St Port Saint Lucie, FL 34952

The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan." If the property is "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.

Debtor(s): William B. Langel, Jamie C. Langel          Case number: 21-11213-MAM

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_____  Debtor  _____          _____  Joint Debtor  _____

William B. Langel                                          Date          Jamie C. Langel                                          Date

_____                         5/9/24
Attorney with permission to sign on                 Date
Debtor(s)' behalf who certifies that
the contents of the plan have been
reviewed and approved by the
Debtor(s).[1]

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.**

_____

[1] This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.

LF-31 (rev. 04/01/22)